UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES (JASON) D. SINGLETON,

    Petitioner,

v.                                     Case No. 8:07-cv-1419-T-33MAP

SECRETARY DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Before this Court is a pro se petition for writ of habeas corpus filed by James (Jason) D. Singleton, a Florida prisoner challenging his convictions and sentences for attempted trafficking in illegal drugs (hydrocodone), possession of cocaine (two counts), and sale of cocaine, arising out of the Sixth Judicial Circuit, Pinellas County, Florida. A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

BACKGROUND

Singleton was charged in case no. CRC05-06690CFANO with trafficking in illegal drugs (hydrocodone) (count one); two counts of possession of cocaine (counts two and four); and sale of cocaine (count three). On November 30, 2005, Singleton entered a nolo contendere plea to the lesser offense of **attempted** trafficking in hydrocodone (count one). He also pled nolo contendere to the remaining counts. Pursuant to his plea terms, Singleton was adjudicated guilty of the offenses and sentenced to 53.7 months incarceration on each count. The sentences run concurrently. Singleton did not appeal his

convictions and sentences.

On March 17, 2006, Singleton filed a pro se motion for clarification raising the issue that his sentences in case no. CRC05-06690CFANO were to run concurrently with his prior sentence imposed in Sumter County, Florida. The state trial court treated the motion for clarification as a motion to correct illegal sentence under Fla.R.Crim.P. 3.800(a) and summarily denied the motion on April 18, 2006. The state trial court order read, in part:

> In his motion, the Defendant alleges that this court orally pronounced that his sentence in the above-styled case should run concurrently with a Sumter County sentence imposed on August 10, 2005. After reviewing a transcript of the sentencing in this case, the court finds that there was no mention whatsoever of the Defendant's Sumter County sentence, and the sentence in the above-styled case was not ordered to run concurrently with any other sentence. See Exhibit 1: Change of Plea and Sentencing Transcript. Accordingly, the Defendant's claim is denied.

(Respondent's Exhibit 4).

Singleton did not appeal the denial of the construed Rule 3.800(a) motion to correct illegal sentence.

On June 27, 2006, Singleton filed a pro se Rule 3.850 motion for postconviction relief, raising ineffective assistance of counsel claims. On April 9, 2006, the state trial court summarily denied the Rule 3.850 motion. Singleton appealed, and on March 2, 2007, the state district court of appeal per curiam affirmed, without written opinion, in case no. 2DO6-4016. *Singleton v. State*, 951 So. 2d 844 (Fla. 2d DCA 2007)[table]. The mandate issued March 23, 2007.

Singleton then timely filed the present 28 U.S.C. § 2254 petition for writ of habeas corpus, dated August 7, 2007. Singleton raises two grounds of ineffective assistance of counsel in the present federal petition.

STANDARDS OF REVIEW

The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Procedural Default Doctrine

Under the procedural default doctrine, "[if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d 880, 891(11th Cir. 2003)(quoting *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir. 2001)).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally

3

defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," Singleton must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Singleton must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that

it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon,* 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

"The Supreme Court fairly recently made clear that an ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d at 896. In *Edwards v. Carpenter*, 529 U.S. 446, 451- 52 (2000), a habeas petitioner argued ineffective assistance of counsel as cause for his procedural default of other constitutional claims in his § 2254 petition. But, he had never raised this ineffective assistance claim in state court, and he was now procedurally barred from raising the claim. The Supreme Court held that unless the petitioner could establish cause and prejudice to excuse his procedural default of his ineffective assistance claim, he was barred from using it as a basis for cause to excuse his procedural default of the underlying claim. *Id.* at 451-53.

The Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant

claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

### Ground One

Singleton claims his trial counsel was ineffective for allowing Singleton to be "wrongfully charged with Trafficking by Illegal Drugs (Hydrocodone) by delivery when he had a viable defense." (Petition, p. 6).

In support of this claim, Singleton alleges:

> The Petitioner advised counsel that he had a valid prescription (Exhibit A) for the Hydrocodone pills in question and therefore did not unlawfully possess the pills. The arrest affidavit (Exhibit B) shows that the Officer charged the Petitioner as having possession of the Hydrocodone. The information shows that the State charged the Petitioner with delivery of the Hydrocodone. The Petitioner alleges that counsel failed to advise the Petitioner that this might constitute a viable defense. The Petitioner had a valid prescription for the pills and there was no other evidence that he was delivering the pills for sales. [sic] Because the Petitioner lost his Motion for Post conviction Relief, he does not waive any arguments or facts that was [sic] raised in his Post conviction Motion in Grounds One and Three.

(Petition, p. 6).

Singleton's claim in ground one is foreclosed by his voluntary plea of nolo contendere. Federal habeas corpus review of claims raised by a petitioner who has entered

a guilty plea[1] is limited to "the nature of the advice and the voluntariness of the plea, not the existence of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Although guilty pleas foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989), a plea does not bar the collateral review of ineffective assistance of counsel claims to the extent that the alleged ineffectiveness bears upon the voluntariness of the guilty plea. *See Hill*, 474 U.S. at 53-59. A prisoner may challenge his guilty plea on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett*, 411 U.S. at 267; *see also, Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991) ("The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove "serious derelictions in his counsel's advice regarding the plea.") (citation omitted); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) ("Smith's guilty plea was voluntarily and knowingly made, [t]hus] he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's

---

[1] A nolo contendere plea stands on equal footing with a guilty plea. *North Carolina v. Alford,* 400 U.S. 25, 35-36 (1970); *see also, Vinson v. State*, 345 So.2d 711, 715 (Fla.1977) (nolo contendere plea admits facts for purpose of pending prosecution and to that extent has same effect as guilty plea insofar as it gives court power to punish).

faulty advice that coerced a guilty plea."); *see also, United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.)(voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant, including claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered guilty plea involuntary), *cert. denied*, 531 U.S. 919 (2000).

Singleton raises matters occurring prior to entry of his nolo contendere plea, rather than matters occurring contemporaneously with the plea. Singleton blames his counsel for not advising him that his alleged possession of a valid prescription for hydrocodone "might" furnish a viable defense. Singleton does not, however, allege he was unaware, when he pled, that he had a right to present defenses at a jury trial. Nor does Singleton contend he was unaware, prior to entry of his plea, that counsel had investigated the state's evidence and Singleton's potential defenses. However, Singleton's knowing and voluntary plea terminated further inquiry into the state's proof, as well as possible defenses. *See Neely v. Pennsylvania*, 411 U.S. 954, 957 (1973) ("A guilty plea constitutes a waiver of the fundamental rights to a jury trial . . . and to be convicted by proof beyond all reasonable doubt.").

The waiver effect of Singleton's plea also encompasses Singleton's claim of ineffective assistance of counsel concerning possible defenses because the alleged ineffectiveness concerning possible defenses occurred prior to entry of his negotiated plea and does not implicate the validity of the plea itself. *E.g., Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992)(pre-plea ineffectiveness waived).

The scope of federal habeas inquiry in Singleton's case is limited to whether his plea was voluntarily and intelligently made, and this Court is precluded from inquiring into any

antecedent constitutional infirmities. *See Tollett*, 411 U.S. at 266. Thus, the claims in ground one are not reviewable by this Court unless Singleton establishes that his nolo contendere plea was involuntary. Singleton has not met this burden.

However, even if Singleton did not waive any aspect of ground one when he entered his nolo contendere plea, Singleton still would not be entitled to the relief he seeks. He fails to meet his burden under the AEDPA standards governing review of the state decision.

Singleton's Rule 3.850 Motion and AEDPA Review

Upon AEDPA review of an adjudication on the merits, it is not enough to convince a federal habeas court that, in its independent judgment, the state court decision applied *Strickland* incorrectly. A petitioner must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Singleton did not plead facts in his Rule 3.850 motion to overcome the strong presumption that counsel made all significant decisions regarding the state's evidence, including the possible defenses, in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689-90. Singleton claimed he told his trial counsel that medical records were available to show he had a valid prescription for the hydrocodone he possessed at the time of his arrest. Singleton did not dispute that his counsel investigated and secured the medical records. The state trial court, in summarily denying Singleton's Rule 3.850 motion, rejected Singleton's underlying state law arguments which suggested that the existence of a prescription provided a possible defense to his trafficking count.

In denying his Rule 3.850 motion, the state trial court held, in relevant part:

> The Defendant alleges his trial counsel was ineffective in failing to

> advise the Defendant that he had a viable defense against the trafficking in hydrocodone charge. Specifically, the Defendant alleges that he advised his trial counsel that he had a valid prescription for the hydrocodone pills in question and, therefore, did not unlawfully possess the pills. However, the Defendant contends his trial counsel failed to advise the Defendant that this might constitute a viable defense in this case and failed to pursue this defense on the Defendant's behalf.
>
> The amended information in this case reflects that the Defendant was charged with unlawfully and knowingly <u>delivering</u> hydrocodone in violation of section 893.135, Florida Statutes. <u>See</u> Exhibit 1. Because this charge was based on delivery, not possession, of hydrocodone, the fact that the Defendant may have lawfully possessed this substance does not constitute a valid defense. Therefore, because the "defense" raised by the Defendant in this claim would not have been viable for this charge, his trial counsel cannot be deemed ineffective in failing to advise him of it or pursue it. Accordingly, this claim is denied.

(Respondent's Exhibit 6, pp. 1-2).

Although the question of whether trial counsel was constitutionally ineffective is a question of federal law, when the answer to the question turns on whether counsel should have raised issues of state law, § 2254(d) requires the federal court to defer to the state court's decision regarding its own laws. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (superceded by statute on other grounds). Federal courts must abide by the state courts' rulings on matters of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (citations and footnote omitted). It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1354-55 (11th Cir. 2005)(citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)(citations omitted).

In Singleton's case, the Rule 3.850 decision resolves a question of state law, namely whether or not Singleton's alleged possession of a valid prescription for the drug provided a viable defense to the attempted trafficking count as a matter of state law. In view of the

Florida court's rejection of Singleton's underlying state law claim, Singleton is unable to show his counsel's foregoing the proposed defense was a course no reasonably competent counsel could take under the circumstances of his case.[2]

Singleton's allegations do not show that counsel completely failed to investigate the facts of his case. That is evident from Singleton's allegations which reflect that his counsel secured his medical records. However, Singleton has not alleged a sufficient basis to show counsel was constitutionally compelled to conclude that a drug prescription defense "might" be viable in order for counsel to be reasonably effective.

Furthermore, Singleton cannot show prejudice. As a threshold matter, Singleton did not allege a viable basis for concluding his trafficking charge could be defended on the basis of his having been prescribed the hydrocodone. In conclusory fashion, Singleton claims there was no "other" evidence showing he delivered the hydrocodone, overlooking not only that he pled to attempted trafficking, but also that the state's factual recitation at the plea colloquy reflects the State was prepared to show the "buy bust" operation involved a scheduled purchase of the **hydrocodone** and cocaine from Singleton, as reflected in the transcript of the change of plea hearing:

> [PROSECUTOR]  On April 8, 2005, during a buy bust operation, there was scheduled to be purchased with the defendant 9.1 grams of hydrocodone and 6.1

---

[2] In *O'Hara v. State*, 964 So. 2d 839 (Fla. 2d DCA 2007), the state district court of appeal concluded that the trial court erred in denying a defendant's request for a jury instruction that it was not illegal to possess hydrocodone, if prescribed. That case, however, is distinguishable from Singleton's case. *O'Hara* did not involve delivery of the drug to another individual. Moreover, O'Hara was not decided at the time of Singleton's plea, and counsel was not constitutionally required to anticipate the future holding. At any rate, at least one reasonably competent attorney, such as Singleton's, could conclude even post-*O'Hara* a prescription drug defense will provide a defendant no shelter from his delivery or sale of a prescription drug to another who is not prescribed the drug.

> grams of cocaine. During that buy bust safety issues arose. The defendant was arrested and all the substances were found on his person tested positive.

(Respondent's Exhibit 2 [Change of Plea Hearing, November 30, 2005], p. 5). After hearing this factual basis read aloud at the change of plea hearing, Singleton freely and voluntarily pled nolo contendere to the amended charge of attempted trafficking in hydrocodone.

Finally, Singleton did not specifically allege in his Rule 3.850 motion, facts which would bear out he would have not entered his negotiated plea had counsel told him his having a prescription for the drug might furnish a viable defense. A mere allegation by the defendant that he would have insisted on going to trial, although required, is insufficient to establish prejudice. See *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001)(defendant's mere allegation that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief on an ineffective assistance claim; rather, the Court looks to factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial); *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir. 1990).

Singleton's declarations are insufficient to rebut the "strong presumption of verity" afforded his solemn declarations in open court. *Blackledge v. Allison*, 431 U.S. 63, 73-74, (1977). At the change of plea hearing, Singleton confirmed he had gone over with his lawyer his plea form in which he attested, among other things, that he understood the charges; that his lawyer had explained the elements and any defenses, he might have, as well as the maximum penalty for the crimes, and that he was waiving the right to employ any defenses he might have. (Respondent's Exhibit 1; Respondent's Exhibit 2, p. 6) During

the plea colloquy, Singleton assured the state trial court that he understood the constitutional rights he was giving up by entering his plea. (Respondent's Exhibit 2, p. 6-7).

### Change of Plea Hearing Allegations

Singleton assured the state trial court he was entering the plea freely and voluntarily, and that he was satisfied with counsel's representation. (Respondent's Exhibit 2, pp. 6-7). The plea terms shielded Singleton from the possibility of a conviction as charged on the original trafficking count after a jury trial, and from possible imposition of consecutive sentences on all counts.

Moreover, Singleton's acceptance of the favorable plea terms (which he acknowledged in his Rule 3.850 motion to be favorable) was an informed election to forego further pursuit of possible defenses. Counsel cannot be considered ineffective where, as here, a competent defendant makes the informed choice not to put on a defense and to plead nolo contendere to the charges. *See Strickland*, 466 U.S. at 690-92 (counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by him).

It is objectively reasonable to conclude there was not any reasonable probability Singleton would not have entered his plea had counsel advised him at the time of his change of plea hearing as Singleton now suggests counsel should have done. The state court decision resulted in a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence.

Ground one does not warrant habeas corpus relief.

### Ground Two

Singleton claims his counsel was ineffective because counsel told him his Pinellas

County sentences would run concurrently with his Sumter County sentences.

In support, Singleton alleges:

> Counsel advised the Petitioner that the Sentence from Pinellas County would be ran [sic] concurrent with the Sentence from Sumter County. The Plea was negotiated with the State Attorneys Office by Counsel for the Sentences to be run concurrent. The Petitioner was promised by Counsel that the Sentences would run concurrent and he accepted the 53.7 month sentence. The Petitioner does not waive any arguments raised in his 3.850.

(Petition, p. 8).

### Rule 3.850 motion and Procedural Default

This claim is procedurally defaulted and procedurally barred because Singleton did not raise the claim in his Rule 3.850 motion. His claim in his Rule 3.850 motion was that counsel was ineffective for failing to inform the state trial court that he was under a 10-year Sumter County sentence. Singleton claimed he asked counsel if it was possible for his negotiated 53.7 month sentence to be run concurrently with his 10-year sentence in the Sumter County case. According to Singleton, his counsel indicated this was possible and that she would request that the sentences run concurrently at the change of plea/sentencing hearing. Petitioner's allegation in his Rule 3.850 motion reads:

> Prior to appearing on November 15, 2005, the defendant met with Ms. Menadier [defense counsel] concerning the proposed plea offer. The defendant informed trial counsel of the 10-year prison term imposed in Sumter County. Defendant asked trial counsel if was possible for the 53.7 month sentence here, to be imposed concurrent to the 10-year sentence. Trial counsel informed the defendant it was possible and that she would request this sentence scheme from the court at sentencing.
>
> At sentencing, trial counsel did not inform the court of the 10-year sentence, or request to have the 53.7 month sentences to be run concurrent to the 10-year sentence. Further, no oral pronouncement was made indicating the court was aware of the 10-year sentence.

(Respondent's Exhibit 5 [Motion for Postconviction Relief], p. 7).

-15-

Singleton did not allege that counsel told him his sentence would run concurrently with the Sumter County sentence. In short, ground two amounts to a new allegation of ineffectiveness of counsel which was not fairly presented to the state trial court and to the state district court of appeal.

If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh'g denied*, 51 F.3d 1052 (11th Cir. 1995). *See also, e.g.*, *Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003)(In the context of ineffective assistance claims, "to the extent that such a claim is based upon a different allegedly ineffective action than the claim presented to the state courts, the claim has not been fairly presented.").

Singleton has not shown cause why he did not raise his claim in his Rule 3.850 motion. Any further cause allegation is barred by the two-year time limit of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition bar. Not showing cause, Singleton cannot avoid his default, as the cause and prejudice components are in the conjunctive and Singleton must establish both to escape the preclusive effect of his procedural default. *Engle v. Isaac*, 456 U.S. 107 (1982).

Even if Singleton could show valid cause, he is unable to meet the prejudice component of *Wainwright v. Sykes*. Nor does he allege and show that a fundamental miscarriage of justice will result if his defaulted allegations are not reached by this Court.

AEDPA Review

Even of this Court reached the merits of Singleton's claim in ground two, Singleton

could not prevail. The state trial court held, in denying Rule 3.850 relief:

> The Defendant also alleges his trial counsel was ineffective in failing to advise this court that the Defendant previously was convicted on an unrelated charge in Sumter county, so that this court might have run the sentences in the above-styled case concurrently with that charge. However, the Defendant does not allege that having his sentences in this case run concurrently with the Sumter County case was a part of the plea agreement in this case. The Defendant also does not allege that, had he known his sentences in this case may not run concurrently with the Sumter County case, he would not have entered a plea and, instead, would have proceeded to trial. There is also no indication in the record that this was ever contemplated as part of the Defendant's plea agreement. See Exhibit 3: Change of Plea and Sentencing Hearing. Accordingly, this claim is denied.

(Respondent's Exhibit 6, p. 2).

There is no evidence in the record showing the state court would have favorably entertained a request to run the Pinellas County sentences concurrently with the Sumter County sentence. Singleton had no assurance of any such outcome when he pled nolo contendere, and he did not allege in his Rule 3.850 motion, that he would not have pled had he known his Pinellas County sentences would not run concurrently with the Sumter County sentence. Furthermore, Singleton's collateral speculation that the Pinellas County court might have ordered the sentences to run concurrently with the Sumter County sentence does not suffice to show there was any reasonable probability he would have rejected his favorable plea terms had his counsel asked to have the sentences run concurrently.

### AEDPA Review

When viewed as an involuntary plea claim, ground two fails review under the AEDPA standard. The standard for determining the validity of a plea is whether the plea represents a voluntary, intelligent choice among the alternative courses open to the defendant. *North*

-17-

*Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin*, 395 U.S. 238, 242 (1969); *Hill*, 474 U.S. at 56.

It is objectively reasonable to conclude, based on his written plea form (Respondent's Exhibit 1) and the transcript of the change of plea hearing, that his counsel had informed Singleton of the elements of his offenses, the rights he was waiving, and the penalties for the crimes to which he pled nolo contendere. The state record conclusively establishes that Singleton understood the charges against him and the consequences of his plea, including the waiver of his constitutional rights, and that he voluntarily chose to plead without being coerced to do so. The state decision on ground two, as it did on ground one, resulted in a reasonable application of federal law as established by the Supreme Court and a reasonable determination of the facts in light of the evidence.

Ground two does not warrant habeas corpus relief.

### Singleton's Reply

Singleton claims that the state court transcript of the change of plea and sentencing hearing is incorrect and that he remembers counsel asking the court the have his Pinellas County sentences run concurrent with the Sumter County sentence. He claims that part of the transcript is missing and that the record is incomplete.

This allegation is the opposition of what Singleton claimed in his Rule 3.850 motion. In that motion, Singleton sought relief based on counsel's failure to advise the court of the 10-year sentence or request to have the 53.7 month sentences run concurrent with the 10-year sentence.

The Court does not find the arguments in the reply persuasive, and Singleton is not

entitled to an evidentiary hearing in this Court.

Accordingly, the Court orders:

That Singleton's petition is denied. The Clerk is directed to enter judgment against Singleton and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 9, 2009.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jason D. Singleton